

**FILED**
August 23, 2023 10:03 AM
SX-2004-CV-00713
**TAMARA CHARLES**
**CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

### DIVISION OF ST. CROIX

| | |
|---|---|
| Grapetree Shores, Inc., | Civil No. SX-04-CV-713 |
| Plaintiff, | |
| v. | ACTION FOR BREACH OF CONTRACT |
| Benton James, | <u>JURY TRIAL DEMANDED</u> |
| Defendant. | |

**Cite as: 2023 VI Super 53U**

**Alex Moskowitz, Esq.**
*Dudley, Newman, Feuerzeig LLP*
*Attorney for the Plaintiff*
1000 Frederiksberg Gade
St. Thomas, V.I. 00802

**Douglas Capdeville, Esq.**
*Law Offices of Douglas L. Capdeville, P.C.*
*Attorney for Defendant*
2107 Company Street
Christiansted, V.I. 00820

**MEADE, J. – Senior Sitting Judge**
Superior Court of the Virgin Islands

### <u>MEMORANDUM OPINION AND ORDER</u>

¶ **1.** **THIS MATTER** is before the Court on Defendant's Motion for Summary Judgement, Plaintiff's Opposition, and the Defendant's Supplemental Motion for Summary Judgement. The parties appeared before the Court on March 13, 2017 for oral arguments. For reasons set forth below, the Defendant's Motion for Summary Judgment and Supplemental Motion for Summary Judgment are **GRANTED**.

## BACKGROUND[1]

¶ 2.    Grapetree Shores, Inc. d/b/a Divi Carina Bay Casino & Resort ("Grapetree") owns the property where the Divi Carina Bay Casino & Resort is located, but the Casino is operated by Treasure Bay Virgin Islands Corporation. Benton Construction Company, Inc. ("Benton Construction") was hired by Grapetree to manage a construction project to rebuild the Casino after destruction caused by Hurricane Lenny in 1999. Grapetree and Benton Construction then entered into a construction agreement to outline the terms of the work to be performed. The agreement was a standard AIA form that the parties amended to require Benton Construction to obtain general liability insurance naming Grapetree as an additional insured. In order to effectuate this change, the parties agreed that Grapetree would pay Benton Construction an additional $14,000.00.

¶ 3.    Jack Ehleiter ("Ehlieter") was an employee of the Casino and on December 4, 2000, he slipped and injured himself while traversing the employee stairs. Ehleiter then initiated two lawsuits claiming the defective construction of the stairs caused his injuries. One action was filed against Grapetree in the Territorial Court[2] and the second against Williams & Associates, the architect for the construction project, in the District Court. Benton Construction was never formally joined to either lawsuit by Ehleiter; however, Williams & Associates filed a third-party claim against the company for contribution. While an appeal was pending in the Territorial Court case against Grapetree, Ehleiter and Grapetree reached a settlement. Later, Williams & Associates also settled with Ehleiter. The Williams

---

[1] The alleged facts presented are taken from the First Amended Complaint, subsequent motions, and exhibits filed with the Court.

[2] In 2004 the Territorial Court was renamed the Superior Court.

& Associates settlement required the architecht to assign its third-party claim of contribution against Benton Construction to Ehleiter. After the claims were assigned to Ehleiter, the contribution claim was settled with Benton Construction Company, Inc.

¶ 4.     Grapetree initiated this action against Benton Construction Company, Inc. to seek indemnification for the cost of attorney's fees, settling with Ehleiter or in the alternative contribution for their share of liability, and for breach of contract for failing to name Grapetree as an additional insured on their general liability insurance policy.

## STANDARD OF REVIEW

¶ 5.     Rule 56 of the Virgin Islands Rules of Civil Procedure governs when a party may move for summary judgment[3]. The court shall grant summary judgment if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.I. R. Civ. P. 56; *United Corp. v. Tutu Park, Ltd.*, 55 V.I. 702, 707 (V.I. 2011). Summary judgment is a drastic remedy, and should be granted only when the pleadings, the discovery and the disclosure materials on file, and any affidavits show that there is no genuine issues as to any material fact." *United Corp. v. Hamed*, 64 V.I. 297, 309 (V.I. 2016) (quoting *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008)). The party moving for summary judgment "must identify those portions of the record that demonstrate the absence of a genuine issue". *Chapman v. Cornwall*, 58 V.I. 431, 436 (V.I. 2013). If the moving party satisfactorily proves an absence of a genuine issue of material fact, the burden then shifts to the non-moving party to present "affirmative evidence". *Id.*

---

[3] When the instant action was filed, the Virgin Islands Courts were governed by the Federal Rules of Civil Procedure. The standard for summary judgment under the FRCP and the Virgin Islands Rules of Civil Procedures are the same.

¶ 6.    The Court must view the evidence presented in the light most favorable to the nonmoving party and "determine whether a factual dispute exists that warrants trial on the merits". *United Corp.*, 64 V.I. at 305; *Williams*, 50 V.I. at 195.

## DISCUSSION

### I.    Common Law Indemnification and Contribution

¶ 7.    Section 1451 of Chapter 5 of the Virgin Islands Code states that where recovery is *allowed* against more than one defendant, liability shall be "joint and several but, for contribution ... each defendant shall be liable for that portion of the verdict as the trier of fact has apportioned". 5 V.I.C. § 1451(d) (emphasis added). However, the Virgin Islands has not codified a provision for indemnification. Instead, the Virgin Islands implements the common law principle of indemnification. *Willie v. Amerada Hess Corp.*, 66 V.I. 23 (V.I. Super. 2017). "Indemnification ultimately requires 'a person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other'". *Id.* (quoting *Guardian Ins. Co. v. Khalil*, 63 V.I. 3,13 (V.I. Super. 2012)).

¶ 8.    At common law, indemnification is an appropriate remedy where "the defendant is primarily liable while the plaintiff is only secondarily liable, that is, where the plaintiff is only technically or constructively liable to the injured party, or where his liability was based on a legal or contractual relationship with the defendant." Restatement of Restitution § 86, cmt (a); see also Restatement (Second) of Torts §886B. Contribution and indemnification differ as to how liability is treated amongst joint tortfeasors: "contribution

concerns the apportionment of liability, whereas indemnification concerns the avoidance of liability." *Piehl v. Dalles Gen. Hosp.*, 571 P.2d 149, 152-53 (1977).

¶ 9.    In its Complaint, the Plaintiff is seeking common law indemnification, contractual indemnification and common law contribution for the alleged liability caused by Defendant to Jack Ehleiter. In its Motion for Summary Judgment, the Defendant asserts that the Court should grant its motion because (1) the Defendant has a settlement that would bar the Plaintiff's common law claims for both indemnity and contribution, and (2) the construction agreement does not have a contribution provision. The Plaintiff's opposition is based on the grounds that the settlements with Jack Ehleiter were based solely on the assignment of claims from Williams & Associates, and not on Ehleiter's claims individually. The second settlement agreement entered into by Jack Ehleiter has an introductory paragraph that states "[c]omes now Jack Ehleiter ("Ehleiter"), on behalf of himself and as the assignee of Williams and Associates ("Williams"), and Benton Construction Company ("Benton"). Defendant's Memorandum of Law in Support of Motion for Summary Judgment Exhibit B. The third paragraph of the settlement agreement states:

> Said payment is also being made with the express understanding that the settlement discharges any common law tort claims for contribution or indemnity, but not contractual claims for indemnity, that Grapetree Shores Inc. ("GSI") has against Benton arising out of this incident asserted in the Superior Court of the Virgin Islands, pending as Ehleiter v. Grapetree Shores Inc. v. Benton. Civ. No.2001/190. Ehleiter agrees to indemnify and hold Benton harmless from any and all common law tort claims for contribution or indemnity up to redacted should Benton's obligation for the same not be extinguished by this settlement agreement, including fees and costs in defending the common law tort claims for contribution and indemnity (including any costs and fees on appeal, limited to these tort issues only), other than the fees and costs incurred by Benton's counsel in filing the motion to dismiss the common law contribution and indemnity counts in this third party

action in the Superior Court, upon completion of this settlement. Said fees and costs incurred in addressing the counts for common law tort contribution and indemnity shall be paid by Joel H. Holt to counsel of his choosing, if the motion to dismiss these counts is denied.

*Id.* at ¶ 3. The language of the settlement agreement on its face would appear to bar the Plaintiff's common law claims in the instant matter.

¶ 10. There is a longstanding policy of encouraging and enforcing voluntary settlements. *Gomes v. Brodhurst*, 394 F.2d 465, 467 (3d Cir. 1967). Without a finding of fault by a trier of fact, an alleged joint-tortfeasor cannot have liability proportioned against him. See *Id.* at 469-70 ( When "imposing liability upon joint tort-feasors in proportion to their comparative negligence, it is necessary that special questions be stated and submitted to the jury, in a case tried to a jury, devised to determine the degrees of fault of the several alleged tort-feasors."); *Lentz v. Freeman Assocs Caribbean, Inc.*, 441 F. Supp. 892, 895 (D.V.I. 1977) ("Contribution among joint tortfeasors [can] be effected per findings by the trier of fact of the proportionate liability of each of several defendants found jointly liable to a plaintiff.").

## II. Contractual Contribution

¶ 11. The Plaintiff is seeking contractual contribution from the Defendant based on provisions contained in the construction agreement. The parties interpret the provisions of the agreement differently: the Plaintiff deems the agreement as a premises liability agreement, whereas the Defendant views the agreement as a standard AIA agreement. Because the Plaintiff interprets the agreement as a premises liability agreement, they expected the Defendant to add the Plaintiff as an additional insured to their insurance policy indefinitely. The Plaintiff asserts that the Defendant's failure to comply with the terms of

the alleged premises liability provision is a breach of the construction agreement. The

construction agreement reads as follows:

> The Construction Manager shall purchase from and maintain in a company or companies lawfully authorized to do business in the jurisdiction in which the Project is located such insurance as will protect the Construction Manager from claims set form below which may arise out of or result from the Construction Manager's operations under this Agreement and for which the Construction Manager may be legally liable ... claims for damages because of bodily injury, sickness or disease, or death of any person other than the Construction Manager's employees;
>
> The Insurance required by Subparagraph 11.1.1 shall be written for not less than limits of liability of $2,000,000 in the aggregate ($1,000,000 per occurrence) or as required by law, whichever coverage is greater. Coverages, whether written on an occurrence or claims-made basis, shall be maintained without interruption from date of final payment and termination of any coverage required to be maintained after final payment. Owner and such other parties as may be specified by Owner shall be named as additional insureds on such policy.

Defendant's Memorandum of Law in Support of Motion for Summary Judgment Exhibit C,

Article 11 (strikethroughs omitted). The Plaintiff relies on the last sentence of Article 11.1.2 to

emphasize their point that the Plaintiff should have remained an additional insured on their

insurance policy.

¶ 12.     The terms of the agreement are unambiguous. Per the parties' agreement, Benton

Construction was to obtain general liability insurance throughout the duration of the project

and longer if the parties agreed to it. The Plaintiff asserts that the parties agreed to extend

the length of time that the Defendant was required to have the Plaintiff listed as an

additional insured. The Defendant was paid an additional $14,000.00 to maintain the

necessary insurance with Grapetree listed as an additional insured. However, there is no

provision in the construction agreement that explicitly states the parties intended to ensure

that Benton intended to provide this additional protection. The Plaintiff bases this solely

on the payment and acceptance of the $14,000.00.

¶ 13. This Court is not convinced that the parties mutually agreed to extend the period of time the Plaintiff was to be an additional insured on the insurance policy. Based on the agreement, the Defendant would not have been required to have the Plaintiff as an additional insured once the project was completed. Unless the parties expressly agreed otherwise, Benton's obligation was satisfied when the construction project was completed, and all necessary parties were paid in full. Without an amendment to the construction agreement or otherwise specific provision, the Court is limited by the terms the parties have assented to.

¶ 14. Section 10.6 of the construction agreement has a merger clause that states the following: "[t]his Agreement represents the entire and integrated agreement between the Owner and Construction Manager and supersedes all prior negotiations, representations or agreements, either written or oral. This Agreement may be amended only by written instrument signed by both Owner and Construction Manager." Defendant's Memorandum of Law in Support of Motion for Summary Judgment Exhibit C, Article 10.6. Neither party has submitted a revised contract or a written addendum/modification acknowledging the payment of $14,000.00 and what it was to be used in consideration of. As a result, this Court is precluded from acknowledging the parties intended to alter their agreement in this manner. *Philip v. Marsh-Monsanto*, 66 V.I. 612, 626 (V.I. 2017) (quoting *Cosgrove v. Mademoiselle Fashions*, 206 Neb. 275, 292 N.W.2d 780, 784-85 (1980) ("When two parties have made a contract and have expressed it in a writing to which they both have assented as the complete and accurate integration of that contract, evidence whether parol

or otherwise, of antecedent understands and negotiations will not be admitted for the purpose of varying or contradicting the writing.").

## CONCLUSION

¶ 15. Based on the foregoing, the Court finds that the settlements with Ehleiter have barred the Plaintiff's claims and that the terms of the construction agreement are unambiguous, and the Defendant was not required to maintain an insurance policy with the Plaintiff as an additional insured after the project was completed. Accordingly, Defendant's motion for summary judgment and supplemental motion for summary judgment are **GRANTED**.

**DONE AND SO ORDERED** this **23rd** day of August, 2023.

**HONORABLE JOMO MEADE**
SENIOR SITTING JUDGE OF THE SUPERIOR COURT

ATTEST:

**TAMARA CHARLES**
Clerk of the Court

By: _____
Court Clerk

Dated: __08__ / __25__ / __2023__

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
August 25, 2023 10:04 AM
SX-2004-CV-00713
**TAMARA CHARLES
CLERK OF THE COURT**

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

| | |
|---|---|
| **Grapetree Shores, Inc.,** | Case Number: **SX-2004-CV-00713** |
| **Plaintiff** | Action: **Breach Of Contract & Damages** |
| **v.** | |
| **Benton James,** | |
| **Defendant.** | |

## NOTICE of ENTRY
## of
## <u>ORDER</u>

**To:** Alex M. Moskowitz, Esq.              Douglas L. Capdeville, Esq.

**Please take notice that on August 25, 2023
a(n)      Memorandum Opinion and Order
dated      August 23, 2023      was/were entered
by the Clerk in the above-titled matter.**

**Dated:** August 25, 2023                    **Tamara Charles**

                                                          **Clerk of the Court**

                              By:

                                                          **Tisha Laurencin
                                                          Court Clerk II**